**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Matthew Brod (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
DDunne@Milbank.com
SKhalil@Milbank.com
MBrod@Milbank.com
LDoyle@Milbank.com
BSchak@Milbank.com

*Co-Counsel to the Reorganized Debtor*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: 1 (201) 489-3000
MSirota@coleschotz.com
FYudkin@coleschotz.com
DHarris@coleschotz.com

*Co-Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re*<br><br>**PECF USS INTERMEDIATE HOLDING II CORP.**[1] Reorganized Debtor. | Case No. 25-23631 (MBK)<br><br>Chapter 11<br><br>**Hearing: September 24, 2026, at 10:00 a.m. (ET)** |

# NOTICE OF REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS #58 AND #63 OF OMJ LLC

[1] The last four digits of Reorganized Debtor PECF USS Intermediate Holding II Corporation's tax identification number are 9019. PECF USS Intermediate Holding II Corporation's chapter 11 case was previously jointly administered under the case of United Site Services, Inc., Case No. 25-23630 (MBK). The location of PECF USS Intermediate Holding II Corporation's service address in this chapter 11 case is: 2487 W Navigator Drive, Ste. 300, Meridian, ID 83642.

**NOTICE IS HEREBY GIVEN** as follows:

A hearing on the *Reorganized Debtor's Motion for Entry of an Order Extending the Deadline to Object to Claims #58 and #63 of OMJ LLC* (the "**Motion**") will be held on **September 24, 2026 at 10:00 a.m. (ET)**, or as soon thereafter as counsel may be heard, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608 (the "**Court**").

The Motion sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed order granting the relief requested in the Motion is also attached to the Motion.

Objections to the Motion must: (a) be in writing; (b) state with particularity the basis of the objection; (c) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the District of New Jersey, and (d) be filed with the Court and served so as to be actually received by **September 17, 2026, at 4:00 p.m. (ET)**, by: (i) Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Dennis F. Dunne, Samuel A. Khalil, Matthew Brod, Lauren C. Doyle, and Benjamin M. Schak), co-counsel for the Reorganized Debtor; and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, NJ 07601 (Attn: Michael D. Sirota, Felice R. Yudkin, and Daniel J. Harris), co-counsel for the Reorganized Debtor.

Only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of an order granting the relief requested in the Motion.

Unless an objection is timely filed and served, the Motion will be decided on the papers in accordance with D.N.J. LBR 9013-3(d) and the relief requested may be granted without further notice or hearing.

All documents filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Verita Global at www.veritaglobal.net/USS. You may also obtain copies of pleadings by visiting the Bankruptcy Court's website at https://www.njb.uscourts.gov/ in accordance with the procedures and fees set forth on that website.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: 1 (201) 489-3000
MSirota@coleschotz.com
FYudkin@coleschotz.com
DHarris@coleschotz.com

- and -

**MILBANK LLP**
Dennis F. Dunne (*pro hac vice*)
Samuel A. Khalil (*pro hac vice*)
Matthew Brod (*pro hac vice*)
Lauren C. Doyle (*pro hac vice*)
Benjamin M. Schak (*pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
DDunne@Milbank.com
SKhalil@Milbank.com
MBrod@Milbank.com
LDoyle@Milbank.com
BSchak@Milbank.com

*Co-Counsel to the Reorganized Debtor*

**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Matthew Brod (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
DDunne@Milbank.com
SKhalil@Milbank.com
MBrod@Milbank.com
LDoyle@Milbank.com
BSchak@Milbank.com

*Co-Counsel to the Reorganized Debtor*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: 1 (201) 489-3000
MSirota@coleschotz.com
FYudkin@coleschotz.com
DHarris@coleschotz.com

*Co-Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re*<br>**PECF USS INTERMEDIATE HOLDING II CORP.**[1] Reorganized Debtor. | Case No. 25-23631 (MBK)<br>Chapter 11 |

# REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS #58 AND #63 OF OMJ LLC

[1] The last four digits of Reorganized Debtor PECF USS Intermediate Holding II Corporation's tax identification number are 9019. PECF USS Intermediate Holding II Corporation's chapter 11 case was previously jointly administered under the case of United Site Services, Inc., Case No. 25-23630 (MBK). The location of PECF USS Intermediate Holding II Corporation's service address in this chapter 11 case is: 2487 W Navigator Drive, Ste. 300, Meridian, ID 83642.

TO THE HONORABLE MICHAEL B. KAPLAN, UNITED STATES BANKRUPTCY JUDGE:

The above-captioned reorganized debtor (the "**Reorganized Debtor**" and, together with its affiliated former debtors and their successors, as applicable, the "**Reorganized Debtors**" or "**USS**"), respectfully states as follows in support of this motion (the **Motion**").

## RELIEF REQUESTED

1. The Reorganized Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**), extending the deadline to object to claims (the "**Claims Objection Deadline**") with respect to the OMJ Claims (as defined herein) for a period of 14 days, to and including September 14, 2026.

2. The principal statutory bases for the relief requested herein are sections 502 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. This case has been referred to the Court pursuant to 28 U.S.C. § 157(a) by the *Standing Order of Reference to the Bankruptcy Court under Title 11* (D.N.J. amended June 6, 2025) (Bumb, C.J.). This Motion is a core proceeding under 28 U.S.C. § 157(b). The Reorganized Debtor consents to the Court's entry of a final order on this Motion if it is determined that the Court cannot otherwise enter a final order or judgment consistent with Article III of the U.S. Constitution. Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### I. THE CHAPTER 11 CASES

4. On December 29, 2025 (the "**Petition Date**"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**") by filing a

voluntary petition for relief. These were prepackaged cases commenced for the purpose of implementing a comprehensive restructuring in accordance with the terms of a restructuring support agreement. The Debtors commenced solicitation of votes on the *Joint Prepackaged Plan of Reorganization of United Site Services, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 16] (as subsequently amended, modified, supplemented, and confirmed, the "**Plan**") reflecting the terms of the restructuring support agreement prior to commencing these Chapter 11 Cases, and filed that Plan of Reorganization on the Petition Date.

5. On February 27, 2026, the Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement and (II) Confirming the Second Amended Joint Prepackaged Plan of Reorganization of United Site Services, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 344]. On March 3, 2026, the Effective Date (as defined in the Plan) occurred. *See Notice of (I) Entry of an Order Approving the Adequacy of the Disclosure Statement and Confirming the Second Amended Joint Prepackaged Plan of Reorganization of United Site Services, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Dkt. No. 384] (the "**Confirmation Order**"). On April 16, 2026, the Court entered the *Final Decree Closing Certain of the Chapter 11 Cases* [Dkt. No. 454], closing the Chapter 11 Cases of the Reorganized Debtors, other than Reorganized Debtor PECF USS Intermediate Holding II Corporation. All remaining matters, including claims reconciliation with respect to claims against each of the Reorganized Debtors, are to be administered in the case of Reorganized Debtor PECF USS Intermediate Holding II Corporation.

6. The Plan provided that potential claimants were *not* required to file proofs of claim and that "the Reorganized Debtors and the Holders of Claims shall determine, adjudicate, and resolve any disputes over the validity and amounts of such Claims in the ordinary course of business as if the Chapter 11 Cases had not been commenced." Plan, Art. VII.A. Accordingly, most potential claimants did not file proofs of claim at all, and virtually all of the filed proofs of claim have subsequently been disallowed or expunged, with a view to resolving those claims outside the bankruptcy cases—payment in the ordinary course of business, negotiated settlement, or litigation in a non-bankruptcy forum.

7. The Plan requires that any objections to Claims must "be filed on or before the later of (1) 180 days after the Effective Date and (2) such other period of limitation as may be fixed by the Court." Plan, Art. VII.E. As previously stated, the Plan went effective on March 3, 2026. Therefore, the Claims Objection Deadline is currently August 31, 2026.

## II. THE OMJ CLAIMS

8. On January 27, 2026, OMJ LLC ("**OMJ**") filed claim #58 in the amount of $1,182,460.64 against United Site Services, Inc., and on January 28, 2026, OMJ filed the substantially identical claim #63 against United Site Services of Nevada, Inc. (collectively, the "**OMJ Claims**").[2]

9. USS and OMJ are in the process of negotiations to resolve the OMJ Claims consensually, but more time is needed. To avoid filing an objection to the OMJ Claims, USS and OMJ have agreed to a 14-day extension of the Claims Objection Deadline to provide the necessary time for the consensual resolution of the OMJ Claims.

## BASIS FOR RELIEF

10. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The Plan expressly established that the Claims Objection Deadline occurred "on or before the later of (1) 180 days after the Effective Date and (2) such other period of limitation as may be fixed by the Court." Plan, Art. VII.E.

11. Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for time periods provided under certain Bankruptcy Rules that are not applicable here. *See* Fed. R. Bankr. P. 9006(b).

[2] These claims appear to be duplicative, other than the Debtor entity that the proof of claim is asserted against and a typographical error in the spelling of OMJ's name in claim #63. Claim #63 appears to be asserted against the proper Debtor. To the extent that any of claim #63 is allowed, the Reorganized Debtor requests that claim #58 be disallowed as duplicative.

12. In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). It is also generally recognized that "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." *See In re Morristown & E. R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (citing Collier on Bankruptcy ¶ 105.04 at 105–15 & n.5 (15th rev. ed. 1989)). The Reorganized Debtor respectfully submits that cause exists to extend the Claims Objection Deadline by 14 days with respect to the OMJ Claims. Although USS and OMJ have made progress on resolving the OMJ Claims, more time is needed. To avoid filing an objection to the OMJ Claims, USS and OMJ have agreed to a 14-day extension of the Claims Objection Deadline to provide the necessary time for the consensual resolution of the OMJ Claims. The request included in this Motion is the first requested extension. Accordingly, the Reorganized Debtor submits that an extension of time to review and object to such claims is appropriate.

## A Bridge Order Is Not Required

13. Pursuant to Local Rule 9013-6, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by . . . a confirmed plan . . . , the time is automatically extended until the court rules on the motion, without the necessity of a bridge order." *See* Bankr. D.N.J. R. 9013-6. Thus, the Claims Objection Deadline is automatically extended with respect to the OMJ Claims until the Court acts on the Motion, without the necessity for the entry of a bridge order.

## Reservation of Rights

14. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Reorganized Debtor entity or such Reorganized Debtor entity's estate (b) a waiver of any party's right to dispute any prepetition claim on any grounds, including jurisdictional, procedural, time-based, and merits-based grounds; (c) a promise or requirement to pay any prepetition claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section

365 of the Bankruptcy Code; or (e) a waiver of the Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law.

## NOTICE

15. Notice of this Motion will be provided to persons listed in paragraph 94 of the Confirmation Order, including OMJ. The Reorganized Debtor respectfully submits that no further notice is required.

Upon the foregoing Motion, the Reorganized Debtor respectfully requests that the Court (a) enter the proposed order, substantially in the form attached to the Motion as **Exhibit A**, granting the Motion, and (b) grant such other relief as is just and proper.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: 1 (201) 489-3000
MSirota@coleschotz.com
FYudkin@coleschotz.com
DHarris@coleschotz.com

- and -

**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Matthew Brod (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
DDunne@Milbank.com
SKhalil@Milbank.com
MBrod@Milbank.com
LDoyle@Milbank.com
BSchak@Milbank.com

*Co-Counsel to the Reorganized Debtor*

# EXHIBIT A TO MOTION

## PROPOSED ORDER

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| *In re*<br>**PECF USS INTERMEDIATE HOLDING II CORP.**[1]Reorganized Debtor. |

Case No. 25-23631 (MBK)

Chapter 11

**Related to Dkt. No. _____**

# ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS #58 AND #63 OF OMJ LLC

The relief set forth on the following pages, numbered (3) through (4), is **ORDERED**.

[1] The last four digits of Reorganized Debtor PECF USS Intermediate Holding II Corporation's tax identification number are 9019. PECF USS Intermediate Holding II Corporation's chapter 11 case was previously jointly administered under the case of United Site Services, Inc., Case No. 25-23630 (MBK). The location of PECF USS Intermediate Holding II Corporation's service address in this chapter 11 case is: 2487 W Navigator Drive, Ste. 300, Meridian, ID 83642.

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Matthew Brod (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
DDunne@Milbank.com
SKhalil@Milbank.com
MBrod@Milbank.com
LDoyle@Milbank.com
BSchak@Milbank.com

- and -

**COLE SCHOTZ P.C.**
Michael D. Sirota
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: 1 (201) 489-3000
MSirota@coleschotz.com
FYudkin@coleschotz.com
DHarris@coleschotz.com

*Co-Counsel to the Reorganized Debtor*

Upon the motion (the "**Motion**")[1] of the above-captioned reorganized debtor (the "**Reorganized Debtor**" and, together with its affiliated former debtors and their successors, as applicable, the "**Reorganized Debtors**") for entry of an order (this "**Order**") extending the Claims Objection Deadline with respect to the OMJ Claims for a period of 14 days, to and including September 14, 2026; and the Court having jurisdiction to decide the Motion and to enter this Order pursuant to 28 U.S.C. § 1334; and the Chapter 11 Cases having been referred to this Court by standing order of the U.S. District Court for the District of New Jersey; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b) upon which this Court may enter a final order consistent with Article III of the U.S. Constitution; and venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, such that no other or further notice is required or necessary under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion, and the record establish just cause for entry of this Order; it is hereby **ORDERED** that:

1. The Motion is **GRANTED** as set forth herein.

2. The Claim Objection Deadline with respect to the OMJ Claims is extended for a period of 14 days, to and including September 14, 2026.

3. This Order shall be without prejudice to the right of the Reorganized Debtor to seek further extensions of the Claims Objection Deadline.

4. Notice of the Motion as described therein is deemed good and sufficient notice of the Motion and the relief requested therein, and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

5. Notwithstanding any provision of the Bankruptcy Rules or Local Rules, this Order shall be effective and enforceable immediately upon its entry.

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

6. The Reorganized Debtors and their agents are authorized to take all steps necessary or appropriate to carry out this Order.

7. The Court retains jurisdiction over all matters arising from or related to the implementation, interpretation or enforcement of this Order.