**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Matthew Brod (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
DDunne@Milbank.com
SKhalil@Milbank.com
MBrod@Milbank.com
LDoyle@Milbank.com
BSchak@Milbank.com

*Co-Counsel to the Reorganized Debtor*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: 1 (201) 489-3000
MSirota@coleschotz.com
FYudkin@coleschotz.com
DHarris@coleschotz.com

*Co-Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re*<br><br>**PECF USS INTERMEDIATE HOLDING II CORP.**[1] Reorganized Debtor. | Case No. 25-23631 (MBK)<br><br>Chapter 11 |

# REORGANIZED DEBTOR'S OBJECTION TO CLAIM #103 FILED BY SSS FENCE

[1] The last four digits of Reorganized Debtor PECF USS Intermediate Holding II Corporation's tax identification number are 9019. PECF USS Intermediate Holding II Corporation's chapter 11 case was previously jointly administered under the case of United Site Services, Inc., Case No. 25-23630 (MBK). The location of PECF USS Intermediate Holding II Corporation's service address in this chapter 11 case is: 2487 W Navigator Drive, Ste. 300, Meridian, ID 83642.

TO THE HONORABLE MICHAEL B. KAPLAN, UNITED STATES BANKRUPTCY JUDGE:

The above-captioned reorganized debtor (the "**Reorganized Debtor**" and, together with its affiliated reorganized debtors and their successors, as applicable, the "**Reorganized Debtors**" or "**USS**") respectfully state as follows in support of this objection (the "**Objection**") to claim #103 in filed on February 2, 2026, by SSS Fence against United Site Services of Texas, Inc. (Case No. 25-23630) in the amount of $79,376.35 (the "**SSS Fence Claim**").

**Please take notice that this Objection seeks to disallow the SSS Fence Claim in full. Therefore, please read this notice very carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

## RELIEF REQUESTED

1. The Reorganized Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), disallowing the SSS Fence Claim. In support of this Objection, the Reorganized Debtor submits the *Declaration of Sharon Golen Regarding Claim #103 Filed by SSS Fence* attached hereto as **Exhibit B** (the "**Golen Declaration**").

2. The principal statutory bases for the relief requested in this Objection are section 502 of title 11 of the U.S. Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 3007-1 and 3007-2 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), and section VIII(b) of the Chapter 11 Complex Case Procedures (Dec. 2, 2025) (the "**Complex Case Procedures**").

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. This case has been referred to the Court pursuant to 28 U.S.C. § 157(a) by the *Standing Order of Reference to the Bankruptcy Court under Title 11* (D.N.J. amended June 6, 2025) (Bumb, C.J.). This Objection is a core proceeding under 28 U.S.C. § 157(b). The Reorganized Debtor consents to the Court's entry of a final order on this Objection if it is determined that the Court cannot

otherwise enter a final order or judgment consistent with Article III of the U.S. Constitution. Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### I. THE CHAPTER 11 CASES

4. On December 29, 2025 (the "**Petition Date**"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**") by filing a voluntary petition for relief. These were prepackaged cases commenced for the purpose of implementing a comprehensive restructuring in accordance with the terms of a restructuring support agreement. The Debtors commenced solicitation of votes on the *Joint Prepackaged Plan of Reorganization of United Site Services, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 16] (as subsequently amended, modified, supplemented, and confirmed, the "**Plan**") reflecting the terms of the restructuring support agreement prior to commencing these Chapter 11 Cases, and filed that Plan of Reorganization on the Petition Date.

5. On February 27, 2026, the Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement and (II) Confirming the Second Amended Joint Prepackaged Plan of Reorganization of United Site Services, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 344]. On March 3, 2026, the Effective Date (as defined in the Plan) occurred. *See Notice of (I) Entry of an Order Approving the Adequacy of the Disclosure Statement and Confirming the Second Amended Joint Prepackaged Plan of Reorganization of United Site Services, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Dkt. No. 384]. On April 16, 2026, the Court entered the *Final Decree Closing Certain of the Chapter 11 Cases* [Dkt. No. 454], closing the Chapter 11 Cases of the Reorganized Debtors, other than Reorganized Debtor PECF USS Intermediate Holding II Corporation. All remaining matters, including claims reconciliation with respect to claims against any Reorganized Debtor, are to be administered in the case of Reorganized Debtor PECF USS Intermediate Holding II Corporation.

6. For further information about USS, its business operations, assets and capital structure, and the circumstances that led to the filing of the Chapter 11 Cases, USS refers to the *Declaration of Chris Kelly in Support of Chapter 11 Petitions and First Day Motions of United Site Services, Inc. et al.* [Dkt. No. 15], filed on December 29, 2025.

## II. Claims Administration

7. Since the Effective Date, USS and its advisors have reviewed the filed proofs of Claim to determine which Claims have been satisfied, which should be administered under the Plan, and which should be determined, adjudicated or otherwise resolved outside the chapter 11 process. Among other pleadings, on May 14, 2026, the Reorganized Debtor filed a *Notice of Satisfaction of Claims* [Dkt. No. 55] (the "**Notice of Satisfaction**"), which included the SSS Fence Claim. In light of further communications with SSS Fence, the Reorganized Debtor hereby withdraws the Notice of Satisfaction solely with respect to the SSS Fence Claim.

## III. SSS Fence Claim

8. USS understands that SSS Fence is in the business of providing temporary fences and other site services in the Los Angeles area. The SSS Fence Claim is supported by a single omnibus invoice that lists several services that SSS Fence purportedly provided to USS or USS's predecessors over multiple years. Each line item on SSS Fence's statement indicates the invoice number of a separate invoice for each discrete service item, a monetary amount that is purportedly due, and one or more date ranges that apparently bear some relation to the services. *See* SSS Fence Claim at 5–7. Many of the line items in the statement are dated January 22 and 23, 2026. *Id*. However, those line items appear to relate to services that were purportedly rendered in 2021–2022, as indicated in the "Transaction" column. *Id*.

9. USS's books and records do not include any purchase orders, service orders, or other documentation demonstrating that SSS Fence provided any services to USS or that USS accepted any liability to SSS Fence. *See* Golen Decl. ¶ 4.

10. Based on the location near Los Angeles and date ranges, many of the charges in the statement appear to relate to services that SSS Fence may have provided to a different site services provider business known as American Industry Fence between 2021-2022. *Id*. ¶ 5. USS acquired American Industry Fence's assets in September 2021, but did not assume any of its contractual obligations. *Id*. Furthermore, any purchase orders placed by USS after its acquisition of American Industry Fence's business would have been paid for in the ordinary course of business. *Id*.

11. On September 8, 2023, SSS Fence filed suit in the County Court for Tarrant County, Texas (Cause No. 2023-006458-2), asserting substantially the same claims as those asserted in the SSS Fence Claim. USS answered with a general denial and made numerous requests for SSS Fence to provide documentation supporting its asserted charges. Despite several months of such requests, SSS Fence was unable to produce any purchase orders or other documentation to demonstrate that it had provided services to USS. *Id*. ¶ 6. SSS Fence ultimately withdrew its suit voluntarily on April 30, 2024.

12. By this Objection, the Reorganized Debtors seek to disallow and expunge the SSS Fence Claim in its entirety.

## BASIS FOR RELIEF

13. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a debtor's estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). To receive the benefit of prima facie validity, however, the proof of claim must "set[] forth facts necessary to support the claim." *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992). Where the claimant alleges sufficient facts to support its claim, the claim is afforded *prima facie* validity. *Allegheny*, 954 F.2d at 173.

14. But if an objection is filed, the court, upon notice and a hearing, must determine the validity and the proper amount of the claim. *See* 11 U.S.C. § 502(b). Thus, while a properly-filed

proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See Allegheny*, 954 F.2d at 173–74. The burden of persuasion with respect to the claim is always on the claimant. *Id.* at 174; *Biolite, AG v. Cyganowski* (*In re Biolitec, Inc.*), No. 13-5864 (FSH), 2013 WL 6795400, at *3 (D.N.J. Dec. 16, 2013). In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

15. The Reorganized Debtor respectfully requests that the Court disallow the SSS Fence Claim. SSS Fence has not provided any documentation supporting its claim, aside from an omnibus statement that was created shortly before filing the claim. The SSS Fence Claim does not include any underlying purchase orders, service orders, or even invoices to support any of the line items on its statement. Furthermore, when SSS Fence filed suit asserting substantially the same claims, it was unable to produce supporting documentation and ultimately withdrew its suit voluntarily. Golen Decl. ¶ 6. USS has likewise been unable to find any records of SSS Fence providing serves to USS. *Id.* at ¶ 4. The Golen Declaration regarding this is sufficient to rebut the *prima facie* validity of the SSS Fence Claim and shift the burden back to SSS Fence to prove its entitlement to value.

16. That is enough to disallow the SSS Fence Claim in its entirety on the present record. However, there are two additional reasons that all or part of the SSS Fence Claim should be disallowed.

17. <u>*First*</u>, many of the services appear to have been provided to American Industry Fence prior to USS's acquisition of that entity's assets, and USS did not assume any contractual obligations of that entity when USS acquired its assets. *Id.* ¶ 5. If SSS Fence rendered services to American Industry Fence prior to USS's purchase of that entity's assets, then SSS Fence must seek compensation from American Industry Fence, not from USS.

18. *Second*, the law of California (where all the services were purportedly provided) establishes a statute of limitations of four years for written contract claims and two years for oral contract claims. *See* Cal. Civ. Proc. Code §§ 337(1), 339(1); *see also* 11 U.S.C. § 502(b)(1) (providing that a claim is disallowable "to the extent that . . . such claim is unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured"). Accordingly, SSS Fence's claims are time-barred as to any services performed more than four years prior to the Petition Date (if the services were performed pursuant to a written contract) or more than two years prior to the Petition Date (if pursuant to an oral contract). Many of the services listed on SSS Fence's statement were allegedly performed more than four years prior to the Petition Date (i.e., before December 29, 2021), and nearly all the services were allegedly performed more than two years prior (i.e., before December 29, 2023).[2] Therefore, much or all of the SSS Fence Claim is time-barred.

19. For the foregoing reasons, the SSS Fence Claim should be disallowed in its entirety.

## RESERVATION OF RIGHTS

20. In the event that the SSS Fence Claim is not disallowed on the grounds asserted herein, the Reorganized Debtor reserve its rights to object to the claim on any other grounds. Additionally, the Reorganized Debtor expressly reserves its rights to amend, modify, or supplement the objection asserted herein and to file additional objections to the SSS Fence Claim on any basis.

21. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Reorganized Debtor entity or such Reorganized Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds, including jurisdictional, procedural, time-

[2] The statement lists no date for certain services other than January 22, 2026. That date appears to be some kind of internal billing date, as SSS Fence has not provided services to USS in recent memory. Absent evidence to the contrary, it should be assumed that these services were rendered, if at all, during the same timeframe as the other purported services: late 2020 to late 2022.

based, and merits-based grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law.

## NOTICE

22. Notice of this Objection will be provided to persons listed in paragraph 94 of the Confirmation Order, including the Department. The Reorganized Debtor respectfully submits that no further notice is required.

Upon the foregoing Objection, the Reorganized Debtor respectfully requests that the Court (a) enter the proposed order, substantially in the form attached to the Objection as **Exhibit A**, granting the Objection, and (b) grant such other relief as is just and proper.

Dated: August 31, 2026

Respectfully submitted,

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: 1 (201) 489-3000
MSirota@coleschotz.com
FYudkin@coleschotz.com
DHarris@coleschotz.com

- and -

**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Matthew Brod (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
DDunne@Milbank.com
SKhalil@Milbank.com
MBrod@Milbank.com
LDoyle@Milbank.com
BSchak@Milbank.com

*Co-Counsel to the Reorganized Debtor*

# EXHIBIT A TO OBJECTION

# PROPOSED ORDER

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| *In re*<br>**PECF USS INTERMEDIATE HOLDING II CORP.**[1] Reorganized Debtor. |

Case No. 25-23631 (MBK)

Chapter 11

(Jointly Administered)

**Related to Dkt. No. _____**

## ORDER SUSTAINING REORGANIZED DEBTOR'S OBJECTION TO CLAIM #103 FILED BY SSS FENCE

The relief set forth on the following pages, numbered (3) through (4), is **ORDERED**.

[1] The last four digits of Reorganized Debtor PECF USS Intermediate Holding II Corporation's tax identification number are 9019. PECF USS Intermediate Holding II Corporation's chapter 11 case was previously jointly administered under the case of United Site Services, Inc., Case No. 25-23630 (MBK). The location of PECF USS Intermediate Holding II Corporation's service address in this chapter 11 case is: 2487 W Navigator Drive, Ste. 300, Meridian, ID 83642.

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Matthew Brod (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
DDunne@Milbank.com
SKhalil@Milbank.com
MBrod@Milbank.com
LDoyle@Milbank.com
BSchak@Milbank.com

- and -

**COLE SCHOTZ P.C.**
Michael D. Sirota
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: 1 (201) 489-3000
MSirota@coleschotz.com
FYudkin@coleschotz.com
DHarris@coleschotz.com

*Co-Counsel to the Reorganized Debtor*

Upon the objection (the "**Objection**")[1] of the above-captioned reorganized debtor (the "**Reorganized Debtor**" and, together with its affiliated former debtors and their successors, as applicable, the "**Reorganized Debtors**") for entry of an order (this "**Order**") disallowing in full claim #103 in filed on February 2, 2026, by SSS Fence against United Site Services of Texas, Inc. (Case No. 25-23630) in the amount of $79,376.35 (the "**SSS Fence Claim**"); and the Court having jurisdiction to decide the Objection and to enter this Order pursuant to 28 U.S.C. § 1334; and the Chapter 11 Cases having been referred to this Court by standing order of the U.S. District Court for the District of New Jersey; and consideration of the Objection being a core proceeding pursuant to 28 U.S.C. § 157(b) upon which this Court may enter a final order consistent with Article III of the U.S. Constitution; and venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, such that no other or further notice is required or necessary under the circumstances; and the Court having determined that the legal and factual bases set forth in the Objection, the Golen Declaration, and the record establish just cause for entry of this Order; it is hereby **ORDERED** that:

1. The Objection is **SUSTAINED** as set forth herein.

2. The SSS Fence Claim is hereby disallowed in full.

3. The rights of the Reorganized Debtors to contest the SSS Fence Claim that is the subject of the Objection on any grounds and in any forum of competent jurisdiction, and to amend, modify, and/or supplement the Objection, including to object to amended or newly filed claims, is hereby expressly reserved.

4. For the avoidance of doubt, nothing in the Objection or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any claim against the Reorganized Debtors or their estates, (b) an implication or admission that any particular claim is

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

of a type specified or defined in this Order or the Objection, or (c) constitute a waiver of the Reorganized Debtors' rights to dispute any claim on any grounds, including jurisdictional, procedural, time-based, and merits-based grounds.

5. Notice of the Objection as described therein is deemed good and sufficient notice of the Objection and the relief requested therein, and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

6. Notwithstanding any provision of the Bankruptcy Rules or Local Rules, this Order shall be effective and enforceable immediately upon its entry.

7. The Reorganized Debtors and their agents are authorized to take all steps necessary or appropriate to carry out this Order.

8. The Court retains jurisdiction over all matters arising from or related to the implementation, interpretation or enforcement of this Order.

# EXHIBIT B TO OBJECTION

# GOLEN DECLARATION

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re*<br>**PECF USS INTERMEDIATE HOLDING II CORP.**,[1]<br>Reorganized Debtor. | Case No. 25-23631 (MBK)<br>Chapter 11 |

# DECLARATION OF SHARON GOLEN REGARDING CLAIM #103 FILED BY SSS FENCE

Under 28 U.S.C. § 1746, I, Sharon Golen, declare as follows under penalty of perjury:

1. I am a Senior Manager of Accounting of Reorganized Debtor United Site Services, Inc. (collectively, with its affiliated reorganized debtors, the "**Reorganized Debtors**" or "**USS**"). I have served in this role since January 2019. I oversee the Accounts Payable department, directing a team of nine employees, managing accounts payable, expenses and disbursements, and high-volume invoice processing. I work with the USS finance, audit, and tax departments on a regular basis.

2. Prior to joining USS, I worked for large organizations, both private and public, directing various financial departments. I hold a Bachelor of Arts degree from Anna Maria College.

3. I submit this declaration on behalf of USS regarding claim #103 filed by SSS Fence against United Site Services, Inc. on February 2, 2026 (the "**Claim**").

[1] The last four digits of Reorganized Debtor PECF USS Intermediate Holding II Corporation's tax identification number are 9019. PECF USS Intermediate Holding II Corporation's chapter 11 case was previously jointly administered under the case of United Site Services, Inc., Case No. 25-23630 (MBK). The location of PECF USS Intermediate Holding II Corporation's service address in this chapter 11 case is: 2487 W Navigator Drive, Ste. 300, Meridian, ID 83642.

4. I have reviewed the Claim and the invoice attached to the Claim (the "**Invoice**"). Each of the line items on the Invoice indicates the number of a separate invoice for services and a monetary amount that is purportedly due. Many items on the Invoice are dated January 22 and 23, 2026. However, those line items appear to relate to services that were purportedly rendered in 2021–2022, as indicated in the "Transaction" column. After diligently reviewing USS's books and records, I have not found any purchase orders, service orders, or other documentation demonstrating that SSS Fence provided any services to USS or that USS accepted any liability to SSS Fence.

5. Furthermore, based on the locations near Los Angeles and the date ranges, many of the charges appear to relate to services that were provided (if at all) to a different site services business known as American Industry Fence. Although USS acquired that entity's assets in September 2021, USS did not assume any contractual obligations in connection with that transaction. Furthermore, any purchase orders placed by USS after its acquisition of American Industry Fence's business would have been paid for in the ordinary course of business.

6. On September 8, 2023, SSS Fence filed suit in the County Court for Tarrant County, Texas (Cause No. 2023-006458-2), asserting substantially the same claims as those asserted in the Claim and Invoice. USS answered with a general denial and made numerous requests for SSS Fence to provide documentation supporting its asserted charges. Despite several months of such requests, SSS Fence was unable to produce any purchase orders or other documentation to demonstrate that it had provided services to USS. SSS Fence ultimately withdrew its suit voluntarily on April 30, 2024.

7. True and fair copies of the *Original Petition*, *Original Answer*, and *Order for Non-suit Without Prejudice* are attached to this Declaration as **Exhibits B-1**, **B-2**, and **B-3**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: August 31, 2026

*/s/ Sharon Golen*

Sharon Golen
Senior Manager of Accounting
United Site Services, Inc.

# EXHIBIT B-1

# ORIGINAL PETITION

E-FILED
TARRANT COUNTY, TEXAS
9/8/2023 11:12 AM
Mary Louise Nicholson
COUNTY CLERK
BY: E.V. S.

2023-006458-2

NO. ________________

| | | |
|---|---|---|
| SSS FENCE | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| | § | |
| VS. | § | AT LAW NO.____ |
| | § | |
| | § | |
| UNITED SITE SERVICES OF TEXAS, INC., also known as and doing business as AMERICAN INDUSTRY FENCE, INC. | § § § | TARRANT COUNTY TEXAS |

PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff and files this Original Petition complaining of Defendants. The damages sought by Plaintiff are within the jurisdictional limits of this court and only includes monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

Plaintiff is: **SSS FENCE**

Defendant is **UNITED SITE SERVICES OF TEXAS, INC., also known as and doing business as AMERICAN INDUSTRY FENCE, INC.**

Defendant may be served with citation by serving the Defendant's registered agent, **CT CORPORATION SYSTEM**, at the registered address: **1999 BRYAN ST., STE.900, DALLAS, TEXAS 75201**

For cause of action Plaintiff would show:

I.

Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.

II.

Plaintiffs action is founded upon the account made Exhibit "A" hereto, incorporated herein by reference. Defendant ordered and received from Plaintiff the items and services therein described at the agreed prices charged or at the reasonable market value. Defendants promised to pay Plaintiff for the account, but the account remains unpaid, damaging Plaintiff with interest at law or as agreed and attorneys' fees. That after this account was presented to Defendants, Defendants acknowledged the amount demanded as justly due and owing. Plaintiff's damages for its unpaid account are at least **$79,376.35**.

III.

In the alternative, Defendant contracted for goods, wares, merchandise and/or services from Plaintiff at the special instance and request of Defendant in the regular course of Plaintiff's business. Plaintiff has fully complied with the agreement. Defendant accepted the goods, wares, merchandise and/or services and agreed and became bound to pay Plaintiff's designated charges, which are reasonable, usual, and customary for such items. Despite demand, Defendants have refused and failed to pay the balance of the account, with a balance remaining due to Plaintiff in the sum of **$79,376.35**, plus accrued interest. There are no further offsets, credits, or payments existing in favor of Defendants.

IV.

Plaintiff presented the account in writing to Defendant, demanding payment, but thirty (30) days thereafter have expired and payment for the just amount owing has not been tendered. Pursuant to V.T.C.A., Civil Practice & Remedies Code §38.002, Plaintiff is entitled to recover reasonable attorneys' fees; since Plaintiff was required to employ the undersigned attorneys for a reasonable fee, Plaintiff should recover attorneys' fees of at least the usual and customary fee in such cases. Plaintiff respectfully requests the Court to take judicial knowledge of the usual and customary fees in such matters and of the contents of the case file. Plaintiff's attorneys' fees are at least **$26,458.00**.

VI.

AUTHENTICITY OF DOCUMENTS PRODUCED UNDER RULE 193.7

Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiff gives notice of its intent to use documents produced by any party in response to all discovery propounded throughout the course of this litigation, including any pretrial proceedings and at the time of trial.

VII.

Plaintiff fully performed all conditions precedent for recovery on said account and for recovery of said attorneys' fees, or all conditions precedent occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that Plaintiff have judgment against Defendants, jointly and severally where more than one Defendant, in the amount of at least **$79,376.35**, with interest thereon at **the Legal Rate** per annum from the 30TH day from and after the time when the sum is

due and payable, or otherwise as agreed by the parties hereto, up to date of judgment, and thereafter in accordance with V.T.C.A. Finance Code, § 304 of the Revised Civil Statutes of Texas, costs of court, reasonable attorneys' fees as herein alleged, reasonable collection costs as herein alleged, and for such further relief, to which Plaintiff may be entitled.

Respectfully submitted,
FREEDMAN, PRICE & ANZIANI, P.C.
Attorneys for Plaintiff

*/S/ Javier Anziani*
By:______________________
J. JAVIER ANZIANI
1102 West Ave., Suite 200
Austin, Texas 78701
512.687.0900 or 713.349.0088
Fax: 512.687.0795
State Bar No. 24053076
Janziani@freedmanprice.com

**AFFIDAVIT**

STATE OF CA

COUNTY OF San Bernardino

BEFORE ME, the undersigned authority, on this day personally appeared the Affiant signing below, who swore on oath that the following facts are true:

"My name is Jennifer Demo.
I am of sound mind, I am capable of making this affidavit, and I have personal knowledge of the facts stated herein.

"I am an employee or owner of SSS Fence, hereinafter referred to as the 'Creditor". Attached hereto are records from the Creditor. I am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. These records are kept by the Creditor in the regular course of business, and it was the regular course of business of the Creditor for an employee or representative of the Creditor with knowledge of the act, event, condition, or opinion recorded to make the record or to transmit information thereof to be included in the record, and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

"The attached records and the account included therein, in favor of SSS Fence and against Defendant, **UNITED SITE SERVICES of TEXAS, INC,** for the principal sum of $ 79,376.35, as reflected in those records, is just, true, and due. All just and lawful offsets, payments, and credits have been allowed."

SEE ATTACHED
NOTORIZED DOCUMENT

Affiant

Sworn and subscribed before me by ______________________
on ____________, 20__.

______________________
Notary Public

My Commission Expires on: _________

# Statement

SSS FENCE
15389 Muscat Ave
Fontana CA 92335

**exhibit a**

| Date |
|---|
| 10/25/2022 |

| To: |
|---|
| United Site Services<br>P.O. Box 1870<br>Ashland, VA 23005 |

| Amount Due | Amount Enc. |
|---|---|
| $57,859.62 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 10/25/2022 | INV #7683. Orig. Amount $18,317.62. | 18,317.62 | 18,317.62 |
| | 1 LMU Dr, Los Angeles, CA- | | |
| 09/13/2021 | INV #5829. Orig. Amount $230.00. 2 plates 09/03/21-09/30/21 | 230.00 | 18,547.62 |
| 10/12/2021 | INV #5950. Orig. Amount $230.00. 2 plates 10/01/21-10/28/21 | 230.00 | 18,777.62 |
| 10/29/2021 | INV #6356. Orig. Amount $230.00. 2 plates 10/29/21-11/25/21 | 230.00 | 19,007.62 |
| 11/26/2021 | INV #6357. Orig. Amount $230.00. 2 plates 11/26/21-12/23/21 | 230.00 | 19,237.62 |
| 12/24/2021 | INV #6358. Orig. Amount $230.00. 2 plates 12/24/21-01/20/22 | 230.00 | 19,467.62 |
| 01/21/2022 | INV #6382. Orig. Amount $230.00. 2 plates 01/21/22-02/17/22 | 230.00 | 19,697.62 |
| 02/18/2022 | INV #6499. Orig. Amount $230.00. 2 plates 02/18/22 - 03/17/22 | 230.00 | 19,927.62 |
| 08/02/2022 | INV #7307. Orig. Amount $230.00. 2 plates 7/8/22 - 8/4/22 | 230.00 | 20,157.62 |
| | 10115 Leona St, Tujunga, CA- | | |
| 10/07/2022 | INV #7600. Orig. Amount $1,750.00. | 1,750.00 | 21,907.62 |
| | 11550 Indian Hills Rs, Mission Hills, CA- | | |
| 05/24/2022 | INV #6936. Orig. Amount $199.00. #263 5/24/22- 6/20/22 | 199.00 | 22,106.62 |
| 08/16/2022 | INV #7360. Orig. Amount $199.00. #263 08/19/22-09/15/22 | 199.00 | 22,305.62 |
| 09/16/2022 | INV #7505. Orig. Amount $199.00. #263 09/16/22-10/13/22 FINAL INVOICE | 199.00 | 22,504.62 |
| | 12230 El Oro Way, Granada Hills, CA- | | |
| 10/07/2022 | INV #7601. Orig. Amount $6,250.00. | 6,250.00 | 28,754.62 |
| | 1650 E 104th St, Los Angeles, CA- | | |
| 10/07/2022 | INV #7599. Orig. Amount $2,490.00. | 2,490.00 | 31,244.62 |
| | 24515 Lincoln Ave, Murrieta, CA- | | |
| 10/07/2022 | INV #7602. Orig. Amount $4,000.00. | 4,000.00 | 35,244.62 |
| | 30627 La Sonora Dr, Malibu, CA- | | |
| 10/07/2022 | INV #7597. Orig. Amount $5,125.00. | 5,125.00 | 40,369.62 |
| | 328 E Live Oak St, San Gabriel, CA- | | |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 18,317.62 | 33,095.00 | 379.00 | 984.00 | 5,084.00 | $57,859.62 |

SSS FENCE
15389 Muscat Ave
Fontana CA 92335

# Statement

| Date |
|---|
| 10/25/2022 |

| To: |
|---|
| United Site Services<br>P.O. Box 1870<br>Ashland, VA 23005 |

| Amount Due | Amount Enc. |
|---|---|
| $57,859.62 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 09/16/2021 | INV #5823. Orig. Amount $375.00. Rental 08/31/21-09/27/21 | 375.00 | 40,744.62 |
| 09/28/2021 | INV #5896. Orig. Amount $375.00. Rental 09/28/21-10/25/21 | 375.00 | 41,119.62 |
| 10/26/2021 | INV #6011. Orig. Amount $375.00. Rental 10/26/21-11/22/21 | 375.00 | 41,494.62 |
| 11/23/2021 | INV #6116. Orig. Amount $375.00. Rental 11/23/21-12/20/21 | 375.00 | 41,869.62 |
| 01/11/2022 | INV #6328. Orig. Amount $375.00. Rental 12/21/21-01/17/22 | 375.00 | 42,244.62 |
| 01/18/2022 | INV #6376. Orig. Amount $375.00. Rental 1/18/22 - 2/14/22 | 375.00 | 42,619.62 |
| 02/15/2022 | INV #6530. Orig. Amount $375.00. Rental 2/15/22 - 3/14/22 | 375.00 | 42,994.62 |
| 08/02/2022 | INV #7303. Orig. Amount $375.00. Rental 8/02/22 -8/29/22 | 375.00 | 43,369.62 |
| | 6061 Paseo Canyon Dr, Malibu, CA- | | |
| 10/07/2022 | INV #7598. Orig. Amount $3,755.00. | 3,755.00 | 47,124.62 |
| | 6712 Hollywood Blvd, Los Angeles, CA- | | |
| 08/12/2022 | INV #7346. Orig. Amount $180.00. 08/11/22-09/07/22 | 180.00 | 47,304.62 |
| 09/08/2022 | INV #7467. Orig. Amount $180.00. 09/08/22-10/05/22 | 180.00 | 47,484.62 |
| 10/07/2022 | INV #7587. Orig. Amount $6,250.00. | 6,250.00 | 53,734.62 |
| | 7730 Aura Ave, Reseda, CA- | | |
| 10/07/2022 | INV #7592. Orig. Amount $3,475.00. | 3,475.00 | 57,209.62 |
| | 9200 Whittier Blvd, Pico Rivera, CA- | | |
| 09/15/2021 | INV #5812. Orig. Amount $650.00. Plate 09/09/21-10/06/21 | 650.00 | 57,859.62 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 18,317.62 | 33,095.00 | 379.00 | 984.00 | 5,084.00 | $57,859.62 |

# Statement

SSS FENCE
15389 Muscat Ave
Fontana CA 92335

**exhibit a**

| Date |
|---|
| 10/25/2022 |

To:
American Industry Fence, Inc
Po Box 4847
Covina, CA 91723

| Amount Due | Amount Enc. |
|---|---|
| $21,516.73 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 09/01/2020 | INV #4500. Orig. Amount $350.00. | 350.00 | 350.00 |
| 03/04/2021 | GENJRNL #1871. | -8,831.67 | -8,481.67 |
| | 1 LMU Dr Los Angeles, CA- | | |
| 04/16/2021 | INV #5824. Orig. Amount $230.00. 2 plates 04/16/21-05/13/21 | 230.00 | -8,251.67 |
| 05/14/2021 | INV #5825. Orig. Amount $230.00. 2 plates 05/14/21-06/10/21 | 230.00 | -8,021.67 |
| 08/13/2021 | INV #5689. Orig. Amount $633.00. 3 Track Plates 4/20/21 - 5/17/21 | 633.00 | -7,388.67 |
| | 11550 Indian Hills Rd, Mission Hills, CA- | | |
| 08/13/2021 | INV #5677. Orig. Amount $199.00. #263 9/15/20 - 10/12/20 | 199.00 | -7,189.67 |
| 08/13/2021 | INV #5678. Orig. Amount $199.00. #263 10/13/20 - 11/9/20 | 199.00 | -6,990.67 |
| 08/13/2021 | INV #5679. Orig. Amount $199.00. #263 11/10/20 - 12/7/20 | 199.00 | -6,791.67 |
| 08/13/2021 | INV #5680. Orig. Amount $199.00. #263 12/8/20 - 1/4/21 | 199.00 | -6,592.67 |
| 08/13/2021 | INV #5681. Orig. Amount $199.00. #263 1/5/21 - 2/1/21 | 199.00 | -6,393.67 |
| 08/13/2021 | INV #5682. Orig. Amount $199.00. #263 2/2/21 - 3/1/21 | 199.00 | -6,194.67 |
| 08/13/2021 | INV #5683. Orig. Amount $199.00. #263 3/2/21 - 3/29/21 | 199.00 | -5,995.67 |
| 08/13/2021 | INV #5684. Orig. Amount $199.00. #263 3/30/21 - 4/26/21 | 199.00 | -5,796.67 |
| 08/13/2021 | INV #5685. Orig. Amount $199.00. #263 4/27/21 - 5/24/21 | 199.00 | -5,597.67 |
| 08/13/2021 | INV #5686. Orig. Amount $199.00. #263 5/25/21 - 6/21/21 | 199.00 | -5,398.67 |
| 08/13/2021 | INV #5687. Orig. Amount $199.00. #263 7/20/21 - 8/16/21 | 199.00 | -5,199.67 |
| 08/13/2021 | INV #5688. Orig. Amount $199.00. 197599 #263 6/22/21 - 7/19/21 | 199.00 | -5,000.67 |
| 08/17/2021 | INV #5708. Orig. Amount $199.00. #263 8/17/21 - 9/13/21 | 199.00 | -4,801.67 |
| | 328 E Live Oak St, San Gabriel, CA- | | |
| 04/13/2021 | INV #5818. Orig. Amount $375.00. Rental 04/13/21-05/10/21 | 375.00 | -4,426.67 |
| 05/11/2021 | INV #5819. Orig. Amount $375.00. Rental 05/11/21-06/07/21 | 375.00 | -4,051.67 |
| 06/08/2021 | INV #5820. Orig. Amount $375.00. Rental 06/08/21-07/05/21 | 375.00 | -3,676.67 |
| 07/06/2021 | INV #5821. Orig. Amount $375.00. Rental 07/06/21-08/02/21 | 375.00 | -3,301.67 |
| 08/03/2021 | INV #5822. Orig. Amount $375.00. Rental 08/03/21-08/30/21 | 375.00 | -2,926.67 |
| | 6712 Hollywood Blvd, Los Angeles, CA- | | |
| 07/27/2021 | INV #5591. Orig. Amount $480.00. 07/15/21-08/11/21 | 480.00 | -2,446.67 |
| | 7344 Washington Ave, Whittier, CA- | | |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 21,516.73 | $21,516.73 |

# Statement

SSS FENCE
15389 Muscat Ave
Fontana CA 92335

| Date |
| --- |
| 10/25/2022 |

| To: |
| --- |
| American Industry Fence, Inc<br>Po Box 4847<br>Covina, CA 91723 |

| Amount Due | Amount Enc. |
| --- | --- |
| $21,516.73 | |

| Date | Transaction | Amount | Balance |
| --- | --- | --- | --- |
| 06/17/2022 | INV #7064. Orig. Amount $850.00. holding tank | 850.00 | -1,596.67 |
| 08/12/2021 | 9200 Whittier Blvd Pico Rivera, CA-<br>INV #5811. Orig. Amount $950.00. Plate 08/12/21-09/08/21 | 950.00 | -646.67 |
| 07/08/2022 | Home Reseda-<br>INV #7165. Orig. Amount $2,304.00. | 2,304.00 | 1,657.33 |
| 07/11/2022 | MALIBU-<br>INV #7173. Orig. Amount $7,287.75. | 7,287.75 | 8,945.08 |
| 07/11/2022 | Markham Middle School-<br>INV #7172. Orig. Amount $2,160.00. | 2,160.00 | 11,105.08 |
| 07/08/2022 | Melendrez Construction-<br>INV #7166. Orig. Amount $1,425.00. | 1,425.00 | 12,530.08 |
| 07/11/2022 | ORO ELEMENTARY SCHOOL-<br>INV #7167. Orig. Amount $585.00. 12230 El Oro Way, Granada Hills, CA 91344 | 585.00 | 13,115.08 |
| 07/11/2022 | Shivela Middle School-<br>INV #7178. Orig. Amount $2,970.00. | 2,970.00 | 16,085.08 |
| 07/11/2022 | Teckme Construction-<br>INV #7171. Orig. Amount $3,000.00. 1614 Tower Grove Berverly Hills , CA 90210 | 3,000.00 | 19,085.08 |
| 07/08/2022 | Teckton-<br>INV #7163. Orig. Amount $2,431.65. | 2,431.65 | 21,516.73 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
| --- | --- | --- | --- | --- | --- |
| 0.00 | 0.00 | 0.00 | 0.00 | 21,516.73 | $21,516.73 |

# EXHIBIT B-2

# ORIGINAL ANSWER

E-FILED
TARRANT COUNTY, TEXAS
12/1/2023 10:44 AM
Mary Louise Nicholson
COUNTY CLERK
BY: TJ C

**CAUSE NO. 2023-006458-2**

| | | |
|---|---|---|
| **SSS FENCE,** | § | **IN THE COUNTY COURT** |
| | § | |
| ***Plaintiff*,** | § | |
| **v.** | § | |
| | § | **AT LAW NO. 2** |
| **UNITED SITE SERVICES OF TEXAS, INC., also known as and doing business as AMERICAN INDUSTRY FENCE, INC.,** | § § § § | |
| ***Defendant.*** | § | **TARRANT COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW, Defendant United Site Services of Texas, Inc. ("United Site Services of Texas" and/or "Defendant") files its Original Answer to Plaintiff's Original Petition ("Petition") as follows:

## I. GENERAL DENIAL

1.01. Pursuant to Texas Rule of Civil Procedure Rule 92, Defendant generally denies all of the allegations and claims set forth in SSS Fence ("Plaintiff")'s Petition, and any subsequent petitions, and demands strict proof thereof by a preponderance of the credible evidence as required by law.

## II. VERIFIED DENIALS

2.01 Defendant denies liability for and the value stated for each and every item in the Plaintiff's sworn account, which is the basis of plaintiff's action, and demands strict proof of all items in the account and why Defendant owes those items.

2.02 Defendant denies that it owes Defendant any of the amounts claimed and that it is a proper defendant in this lawsuit.

2.03 Defendant denies consideration was provided to Defendant by Plaintiff.

2.04 Defendant denies it is liable in the capacity sued.

## III. SPECIFIC DENIALS

3.01 Defendant denies the amount of the account made and the basis of this suit and that all just and lawful offsets to said account have been given.

3.02 Defendant denies that it is also known as American Industry Fence, Inc.

3.03 Defendant denies the debt asserted.

3.04 Defendant denies it is liable in the capacity sued.

## IV. SPECIAL EXCEPTIONS

4.01 Defendant specially except to Plaintiff's pleading because it fails to state a cause of action. Although the Petition appears to be attempting to assert a cause of action to enforce an agreement as to Defendant, but the pleading fails to state a legally cognizable cause of action against Defendant for the reason that the Petition fails to allege the existence of any consideration, performance, or provided to Defendant or that Defendant actually owes the amounts claimed.

4.02 Defendant specially excepts to Plaintiff's petition in that Plaintiff has failed to comply with conditions precedent required to recover any damages. Defendant requests the Court to require the pleader to amend so as to specify and/or verify under oath that same conditions precedent were satisfied or alternatively dismiss same for failure to satisfy conditions precedent.

## V. AFFIRMATIVE DEFENSES

5.01 Subject to its general denial, and without assuming any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden on Plaintiff's, United Site Services asserts the following defenses:

5.02 Plaintiff’s claims are barred, in whole or in part, because the Petition fails to state a claim for which relief may be granted.

5.03 Plaintiff’s claims are barred, in whole or in part, because Plaintiff failed to perform

all conditions precedent to recovery, including, but not limited to, providing timely and sufficient notice and/or demand of its claim and/or claims, if any.

5.04 Plaintiff's claims are asserted against the wrong Defendant.

5.05 Defendant affirmatively asserts the capacity in which Defendant is sued.

5.06 United Site Services reserves the right to assert other defenses.

## VV. AUTHENTICITY OF DOCUMENTS PRODUCED UNDER RULE 193.7

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants hereby gives notice of its intent to use documents produced by any party in response to all discovery.

## VI. PRAYER

WHEREFORE, United Site Services asks the Court to enter a take-nothing judgment against Plaintiff and in favor of United Site Services, , and to award United Site Services all such other and further relief to which it shows itself entitled.

Dated: December 1, 2023

Respectfully submitted,

**AKERMAN LLP**

*<u>/s/ R. Adam Swick</u>*
R. Adam Swick
Texas Bar No. 24051794
500 West 5th Street, Suite 1210
Austin, TX 78701
(737) 999-7100
(512) 623-6701 Fax
adam.swick@akerman.com

*Counsel for Defendant*

**VERIFICATION**

THE STATE OF MASSACHUSETTS §
§
COUNTY OF WORCESTER §

BEFORE ME, the undersigned notary public, on this day personally appeared ___ ______ Mathew Schemmel (name), Director of Legal (title) of United Site Services of Texas, who, being, being by me first duly sworn, upon his/her oath deposed and stated:

I am over the age of eighteen (18) and of sound mind and competent to make this Verification. I have personal knowledge of the facts stated in Paragraphs 2.01 through 2.04 of this Original Answer, and they are true and correct.

______________________________________

SUBSCRIBED AND SWORN TO BEFORE ME by the said _____Matthew Schemmel__ on the 30th day of November, 2023, to certify which witness my hand and official seal.

______________________________________

Notary Public, Sate of Massachusetts______

Dawn M. Desautel
Notary Public, Commonwealth of Massachusetts
My Commission Expires September 16, 2027

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on the following in accordance with the Texas Rules of Civil Procedure on December 1, 2023:

J. Javier Anziani
FREEDMAN, PRICE & ANZIANI, P.C.
1102 West Ave., Suite 200
Austin, TX 78701
janziani@freedmanprice.com

*/s/ R. Adam Swick*
R. Adam Swick

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Teresa Barrera on behalf of Adam Swick
Bar No. 24051794
teresa.barrera@akerman.com
Envelope ID: 82145737
Filing Code Description: Defendant's Original Answer
Filing Description:
Status as of 12/1/2023 2:44 PM CST

Associated Case Party: SSS Fencing

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jose JavierAnziani | | janziani@freedmanprice.com | 12/1/2023 12:05:43 PM | SENT |

Associated Case Party: United Site Services of Texas, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Adam Swick | | adam.swick@akerman.com | 12/1/2023 12:05:43 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Teresa Barrera | | teresa.barrera@akerman.com | 12/1/2023 12:05:43 PM | SENT |

# EXHIBIT B-3

## ORDER FOR NONSUIT WITHOUT PREJUDICE

FILED
TARRANT COUNTY TEXAS
April 30, 2024
MARY LOUISE NICHOLSON
COUNTY CLERK
BY: Williams, Ashley

NO. 2023-006458-2

| | | |
|---|---|---|
| SSS FENCE | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| | § | |
| VS. | § | AT LAW NO.2 |
| | § | |
| | § | |
| UNITED SITE SERVICES OF TEXAS, INC., | § | |
| also known as and doing business as | § | |
| AMERICAN INDUSTRY FENCE, INC. | § | TARRANT COUNTY TEXAS |

ORDER FOR NONSUIT WITHOUT PREJUDICE

Plaintiff'‘s Nonsuit without Prejudice as to Defendant is granted at Plaintiff's cost.

SIGNED on ________________________________________.

Signed on this day April 30, 2024

Jennifer Rymell

JUDGE PRESIDING

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jose Anziani
Bar No. 24053076
janziani@freedmanprice.com
Envelope ID: 87176201
Filing Code Description: Motion for Non Suit
Filing Description:
Status as of 4/29/2024 4:02 PM CST

Associated Case Party: United Site Services of Texas, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Adam Swick | | adam.swick@akerman.com | 4/29/2024 3:45:45 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Teresa Barrera | | teresa.barrera@akerman.com | 4/29/2024 3:45:45 PM | SENT |

Associated Case Party: SSS Fencing

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jose JavierAnziani | | janziani@freedmanprice.com | 4/29/2024 3:45:45 PM | SENT |