**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*In re*

**PECF USS INTERMEDIATE HOLDING II CORP.**[1] Reorganized Debtor.

**Order Filed on September 11, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

Case No. 25-23631 (MBK)

Chapter 11

**Related to Dkt. No. _____**

## AMENDED ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS #58 AND #63 OF OMJ LLC

The relief set forth on the following pages, numbered (3) through (4), is **ORDERED**.

**DATED: September 11, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

[1] The last four digits of Reorganized Debtor PECF USS Intermediate Holding II Corporation's tax identification number are 9019. PECF USS Intermediate Holding II Corporation's chapter 11 case was previously jointly administered under the case of United Site Services, Inc., Case No. 25-23630 (MBK). The location of PECF USS Intermediate Holding II Corporation's service address in this chapter 11 case is: 2487 W Navigator Drive, Ste. 300, Meridian, ID 83642.

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Matthew Brod (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
DDunne@Milbank.com
SKhalil@Milbank.com
MBrod@Milbank.com
LDoyle@Milbank.com
BSchak@Milbank.com

- and -

**COLE SCHOTZ P.C.**
Michael D. Sirota
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: 1 (201) 489-3000
MSirota@coleschotz.com
FYudkin@coleschotz.com
DHarris@coleschotz.com

*Co-Counsel to the Reorganized Debtor*

Reorganized Debtor: PECF USS Intermediate Holding II Corporation
Case No.: 25-23631 (MBK)
Caption of Order: Order Extending the Deadline to Object to Claims #58 and #63 of OMJ LLC

Upon the motion (the "**Motion**")[1] of the above-captioned reorganized debtor (the "**Reorganized Debtor**" and, together with its affiliated former debtors and their successors, as applicable, the "**Reorganized Debtors**") for entry of an order (this "**Order**") extending the Claims Objection Deadline with respect to the OMJ Claims for a period of 28 days, to and including September 28, 2026; and the Court having jurisdiction to decide the Motion and to enter this Order pursuant to 28 U.S.C. § 1334; and the Chapter 11 Cases having been referred to this Court by standing order of the U.S. District Court for the District of New Jersey; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b) upon which this Court may enter a final order consistent with Article III of the U.S. Constitution; and venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, such that no other or further notice is required or necessary under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion, and the record establish just cause for entry of this Order; it is hereby **ORDERED** that:

1. The Motion is **GRANTED** as set forth herein.

2. The Claim Objection Deadline with respect to the OMJ Claims is extended for a period of 28 days, to and including September 28, 2026, and may be extended by consent among USS and OMJ without further approval by the Court.

3. This Order shall be without prejudice to the right of the Reorganized Debtor to seek further extensions of the Claims Objection Deadline.

4. Notice of the Motion as described therein is deemed good and sufficient notice of the Motion and the relief requested therein, and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

5. Notwithstanding any provision of the Bankruptcy Rules or Local Rules, this Order shall be effective and enforceable immediately upon its entry.

6. The Reorganized Debtors and their agents are authorized to take all steps necessary or appropriate to carry out this Order.

7. The Court retains jurisdiction over all matters arising from or related to the implementation, interpretation or enforcement of this Order.