Order Filed on September 28, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

*In re*

**PECF USS INTERMEDIATE HOLDING II CORP.**[1] Reorganized Debtor.

Case No. 25-23631 (MBK)

Chapter 11

(Jointly Administered)

## ORDER SUSTAINING REORGANIZED DEBTOR'S OBJECTION TO CLAIM #103 FILED BY SSS FENCE

The relief set forth on the following pages, numbered (3) through (4), is **ORDERED**.

**DATED: September 28, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

[1] The last four digits of Reorganized Debtor PECF USS Intermediate Holding II Corporation's tax identification number are 9019. PECF USS Intermediate Holding II Corporation's chapter 11 case was previously jointly administered under the case of United Site Services, Inc., Case No. 25-23630 (MBK). The location of PECF USS Intermediate Holding II Corporation's service address in this chapter 11 case is: 2487 W Navigator Drive, Ste. 300, Meridian, ID 83642.

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
Matthew Brod (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
Benjamin M. Schak (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 1 (212) 530-5000
DDunne@Milbank.com
SKhalil@Milbank.com
MBrod@Milbank.com
LDoyle@Milbank.com
BSchak@Milbank.com

- and -

**COLE SCHOTZ P.C.**
Michael D. Sirota
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, NJ 07601
Telephone: 1 (201) 489-3000
MSirota@coleschotz.com
FYudkin@coleschotz.com
DHarris@coleschotz.com

*Co-Counsel to the Reorganized Debtor*

Upon the objection (the "**Objection**")[1] of the above-captioned reorganized debtor (the "**Reorganized Debtor**" and, together with its affiliated former debtors and their successors, as applicable, the "**Reorganized Debtors**") for entry of an order (this "**Order**") disallowing in full claim #103 in filed on February 2, 2026, by SSS Fence against United Site Services of Texas, Inc. (Case No. 25-23630) in the amount of $79,376.35 (the "**SSS Fence Claim**"); and the Court having jurisdiction to decide the Objection and to enter this Order pursuant to 28 U.S.C. § 1334; and the Chapter 11 Cases having been referred to this Court by standing order of the U.S. District Court for the District of New Jersey; and consideration of the Objection being a core proceeding pursuant to 28 U.S.C. § 157(b) upon which this Court may enter a final order consistent with Article III of the U.S. Constitution; and venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, such that no other or further notice is required or necessary under the circumstances; and the Court having determined that the legal and factual bases set forth in the Objection, the Golen Declaration, and the record establish just cause for entry of this Order; it is hereby **ORDERED** that:

1. The Objection is **SUSTAINED** as set forth herein.

2. The SSS Fence Claim is hereby disallowed in full.

3. The rights of the Reorganized Debtors to contest the SSS Fence Claim that is the subject of the Objection on any grounds and in any forum of competent jurisdiction, and to amend, modify, and/or supplement the Objection, including to object to amended or newly filed claims, is hereby expressly reserved.

4. For the avoidance of doubt, nothing in the Objection or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any claim against the Reorganized Debtors or their estates, (b) an implication or admission that any particular claim is

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

of a type specified or defined in this Order or the Objection, or (c) constitute a waiver of the Reorganized Debtors' rights to dispute any claim on any grounds, including jurisdictional, procedural, time-based, and merits-based grounds.

5. Notice of the Objection as described therein is deemed good and sufficient notice of the Objection and the relief requested therein, and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

6. Notwithstanding any provision of the Bankruptcy Rules or Local Rules, this Order shall be effective and enforceable immediately upon its entry.

7. The Reorganized Debtors and their agents are authorized to take all steps necessary or appropriate to carry out this Order.

8. The Court retains jurisdiction over all matters arising from or related to the implementation, interpretation or enforcement of this Order.